William B. Wachtel
Julian D. Schreibman
WACHTEL & MASYR, LLP
110 East 59th Street
New York, New York 10022
(212) 909-9500
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NORTHWINDS BIODIESEL, LLC

                Plaintiff,

        -v-

R.C. COSTELLO & ASSOCIATES, INC.

                Defendant.

09 Civ. _____

**09 CIV. 6816**

**JUDGE KARAS**

COMPLAINT

**JURY TRIAL DEMANDED**

Plaintiff by its attorneys, Wachtel & Masyr, LLP, as and for its Complaint, hereby avers:

## NATURE OF THE CASE

1.     This case seeks to remedy defendant's breach of contract and breach of the covenant of good faith and fair dealing. Plaintiff Northwinds Biodiesel, LLC ("Northwinds") contracted with defendant R.C. Costello & Associates ("Costello") to perform chemical and process engineering services in connection with Northwinds' planned development and construction of biodiesel fuel production plants in the Northeast United States.

2.     Northwinds paid Costello more than a quarter of a million dollars pursuant to the contract.

3.     Costello's engineering work was defective to the point of uselessness. To add insult to injury, Costello has refused to provide Northwinds with its work product in a form in

which Northwinds' engineers can fix Costello's defects, despite an explicit clause in the contract requiring Costello to do so.

4.    Plaintiff brings this action for breach of contract and breach of the covenant of good faith and fair dealing, seeking damages and, with respect specifically to Costello's failure to provide the properly formatted materials, specific performance.

## Parties

5.    Plaintiff Northwinds is a Delaware limited liability company with a principal place of business in Harrison, New York.

6.    Defendant Costello is a California corporation with a principal place of business at 1611 South Pacific Coast Highway, Suite 210, Redondo Beach, California.

## Jurisdiction and Venue

7.    This court has diversity jurisdiction over this case pursuant to 28 U.S.C § 1332(a)(1).

8.    Venue lies in this district pursuant to 28 U.S.C. § 1391.

## Statement of Facts

9.    Northwinds is engaged in the business of designing, constructing and operating biodiesel plants in the Northeast United States. Biodiesel is a form of alternative energy made from reacting certain chemicals with carefully processed animal or vegetable fats to produce biodiesel that is mixed with traditional diesel fuel.

10.    R.C. Costello is a firm of consulting engineers that provides engineering design and improvements for renewable energy plants, natural gas plants, biogas plants and refineries.

11.    On or about September 28, 2007, R.C. Costello tendered, and Northwinds accepted, a proposal to provide certain engineering services to Northwinds (the "Contract").

12.     Under the Contract, Costello was to provide a preliminary (30% complete) biodiesel process design that included three phases associated with the production of biodiesel fuel: esterification; alkali refining; and transesterification.  Costello was also obligated to research and recommend an alternative catalyst system for the esterification process.  Costello had not done any such research on this system nor completed any design or engineering on esterification prior to work on this Contract.  The Contract called for Costello to begin by reviewing and modifying prior design work done by a third-party.  The chemical process design and engineering which Costello was contracted to perform was based upon a process concept developed by Northwinds.

13.     Between October 3, 2007 and June 10, 2008, Northwinds made payments to Costello pursuant to the Contract totaling $268,497.80.  Northwinds does not owe Costello any additional funds for work performed under the Contract.  Northwinds has fully performed its obligations under the Contract.

14.     At the heart of the chemical process design and engineering that Costello was called upon to perform under the Contract is the material and energy balance (referred to as a "model"), which is fundamental to the design of the plant.  In such a design process, the first model is developed based on the project's process concept and is used as a tool throughout the life of the project and beyond.  As the concept is further developed and refined, the model is refined and maintained to support the process concept.  The model provides the basic engineering data for sizing equipment, instrumentation and piping design.  The balances contained in the model can be very complex and, therefore, process engineers generally prefer working with sophisticated software, such as Chemcad.

3

15.     Costello utilized Chemcad software to develop a model specifically for the

Northwinds process concept.  The model is the core design product Costello produced pursuant

to the Contract.

16.     With respect to Costello's design work, the Contract specifically provides

(emphasis added):

> All process flow diagrams, piping and instrument diagrams (P&IDs),
> equipment   specification sheets, instrument specification sheets and
> process descriptions and <u>any other materials</u> developed by COSTELLO
> for NORTHWINDS (the "Design Materials")      remain the property of
> COSTELLO <u>however NORTHWINDS shall retain all rights to   use the</u>
> <u>Design Materials</u> for use at future NORTHWINDS facilities.
> NORTHWINDS    will receive the Design Materials in <u>whatever</u>
> <u>format such Design Materials are available</u>  <u>and developed</u> including but
> not limited to AutoCAD 2004, Excel, Public Document      Format (PDF),
> Microsoft Word (or other equivalent software), etc.

17.     In or about March 2009, Costello purportedly completed its work and provided to

Northwinds various design materials, in the form of hard copies, and electronic formats such as

pdf and AutoCad.  Costello did not deliver the Chemcad files and programs, with which the

model was developed for Northwinds.

18.     Costello's work was fundamentally flawed.  Some of the significant defects in

Costello's engineering design include, but are by no means limited to:

(a)     Costello entirely omitted a distillation system which is necessary for the

type of feedstock Northwinds' design calls for;

(b)     Costello miscalculated the amount of methanol produced during

processing by a factor of ten, leading it to incorporate an insufficient methanol distillation

system;

(c)     Costello's design utilizes carbon steel for various tubing and containers

which would rapidly corrode and fail if used to carry and store materials called for in the design;

4

(d)    Costello designed a process known as an "ion exchange system" which has a maximum incoming tolerance of 500 parts per million of sodium concentration according to the ion exchange system supplier's recommendation. The Costello design data, however, reflects a concentration of *5,000* parts per million of sodium concentration, which would make the ion exchange system completely inoperable;

(e)    Costello's review of the "free fatty acid" esterification technology failed to note that a portion of the solid catalyst chosen by Costello must be disposed of every 4 to 6 months and could be difficult and costly to dispose of due to its hazardous nature;

(f)    Costello's design will not work with certain feedstocks – such as canola oil or yellow grease– that Northwinds explicitly incorporated in its design plan.

19.    Costello's engineering thus failed the basic needs of Northwinds and the engineering design parameters called for in the Contract. Substantial portions of Costello's work must be performed all over again by competent engineers.

20.    Additional portions of Costello's work are likely flawed, but Northwinds is unable to fully evaluate the design because Costello has refused repeated requests to turn over the Chemcad format design materials. Northwinds cannot complete its evaluation of Costello's flawed work, nor can it efficiently redo Costello's work without receiving the Chemcad files that Costello is required to provide under the Contract. Even had Costello's design work been perfect, Costello's failure to provide the Chemcad files would have damaged Northwinds, because it is essentially impossible for Northwinds to go forward with the design process without those files. Thus, Costello's failure to provide the Chemcad materials is a separate and independent breach of the Contract with Northwinds.

## FIRST CLAIM FOR RELIEF
### Breach of Contract

21.     Plaintiff repeats all of the preceding Paragraphs.

22.     The Contract is a valid and enforceable agreement between the Plaintiff and Defendant.

23.     The Plaintiff, Northwinds, has fully performed under the Contract, including by payment to the Defendant of more than $250,000 for its services.

24.     Defendant Costello breached the contract by providing seriously flawed, and in many respects useless, engineering and design services.

25.     Northwinds has been damaged by Costello's breach in an amount to be determined at trial but no less than $268,497.80.

## SECOND CLAIM FOR RELIEF
### Breach of Contract

26.     Plaintiff repeats all of the preceding Paragraphs.

27.     Between May 11, 2009 and May 14, 2009, Northwinds made repeated requests to Costello that it turn over the design materials in Chemcad form as required under the contract to permit Northwinds to evaluate Costello's work, make changes and corrections if necessary (the scope of Costello's failings having not yet been determined), and continue the design and construction process.  Costello belligerently refused each and every request.

28.     On or about May 19, 2009, Rocky Costello sent an e-mail to a representative of Northwinds refusing to communicate further directly and requiring that all further contact be made through Costello's attorney.

29.     As set forth above, an explicit term of the Contract required Costello to provide to Northwinds its design materials in "whatever form" they were designed.  Costello's refusal to do so is a breach of the Contract.

30.     Costello has acknowledged that its engineering design work was performed using Chemcad.

31.     Northwinds has been separately damaged by Costello's refusal to provide the Chemcad materials by impairing Northwinds' ability to fully evaluate Costello's engineering and obligating Northwinds to begin the redesign process from scratch at great cost.

## THIRD CLAIM FOR RELIEF
### Breach of the Covenant of Good Faith and Fair Dealing

32.     Plaintiff repeats all of the preceding Paragraphs.

33.     Costello's action in refusing to turn over the Chemcad materials was in bad faith and intended to impede Northwinds in evaluating Costello's work, fixing Costello's work, and completing the design process.

34.     Costello's action in refusing to provide the Chemcad materials also strongly suggests that Costello was aware of and wished to conceal the manifest flaws and errors of its design, as well as to force Northwinds to enter into additional contracts with Costello to complete the design work at great expense.

35.     Although Northwinds has paid Costello in full, Costello's intentional actions have prevented Northwinds from receiving the benefit of its bargain and have frustrated the purpose of the Contract.  Northwinds must now redo the entire chemical and systems engineering that Costello contracted to perform – and was fully compensated for.

36.    By its bad faith conduct, Costello has breached the covenant of good faith and fair dealing.

37.    As a result of Costello's breach, Northwinds has been damaged.  Not only has it lost the entire value of the Contract, it has lost valuable time and the potential missed opportunity to be constructing in a period of time when costs for materials and labor are substantially lower than previous years.

WHEREFORE, plaintiff demands judgment against Costello as follows:

a.    On the First Claim for Relief, damages in an amount to be determined at trial but not less than $268,497.80;

b.    On the Second Claim for Relief, specific performance;

b.    On the Third Claim for Relief, damages in an amount to be determined at trial but not less than $268,497.80.

Plaintiff demands a trial by jury.


Dated:  New York, New York
        July 29, 2009

William B. Wachtel
Julian D. Schreibman
WACHTEL & MASYR, LLP
110 East 59th Street
New York, New York 10022
(212) 909-9500
*Attorneys for Plaintiff*
*Northwinds BioDiesel, LLC*

8